UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joseph James Belile,

                                    Plaintiff,
            - against -                                              15CV7960 (KMK)(LMS)

C.O. J. Carroll; C.O. Travis,,                                       ORDER

                                    Defendants.

Lisa Margaret Smith, U.S.M.J.

        Pro Se Plaintiff Joseph James Belile has filed an Application for the Court to Request Pro

Bono Counsel.  Docket # 34 ("Application").  For the reasons stated below, I conclude that

Plaintiff's application should be denied with leave to renew if future circumstances merit

granting such an application.

## Standard of Review

        A federal judge has "broad discretion" when deciding whether to appoint counsel to an

indigent litigant.  Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see Burgos v.

Hopkins, 14 F.3d 787, 789 (2d Cir. 1994).  "There is no requirement that an indigent litigant be

appointed pro bono counsel in civil matters."  Burgos, 14 F.3d at 789; 28 U.S.C. § 1915(e)

(formerly 28 U.S.C. § 1915(d)).  Indeed, appointment of pro bono counsel must be done

judiciously in order to preserve the "precious commodity" of volunteer lawyers for those

litigants who are truly needy.  Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir.

1989).

        In Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), the United States Court of

Appeals for the Second Circuit established strict guidelines for reviewing an application for

appointment of counsel.  Under the Hodge standard, a court must determine "whether the

indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61; Cooper, 877 F.2d at 172 ("The factor which [should] command[] the most attention . . . [is] the merits" of a case). If an application meets this threshold requirement, the district court must further consider the indigent's ability and efforts to obtain counsel, as well as "his [or her] ability to handle the case without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 61-62; Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997).

## Analysis

Plaintiff's application for the Court to request pro bono counsel, at this point in the proceedings, must be denied. Plaintiff has made no showing or arguments to support a finding that his application satisfies the first Hodge factor—that any of his claims are likely to succeed on the merits. The second factor enumerated in Hodge requires Plaintiff to demonstrate an inability to obtain counsel on his own before the Court may consider requesting an appointment of counsel. See Hodge, 802 F.2d at 61. Plaintiff states that he "wrote 15 different law firms, only two responded," but neither of those firms could take his case. Application ¶ 3. Plaintiff has therefore met the second Hodge factor.

However, Plaintiff fails to meet the third Hodge factor—an inability to handle the case without an attorney's assistance. Plaintiff has filed a Complaint, in which he has presented the facts relevant to his claims and his grounds for relief, as well as a request to proceed in forma pauperis; he has sent correspondence to the Court and participated in status conferences regarding this matter; and he has filed a motion to join his state law claims filed in another lawsuit to this action. Plaintiff has not demonstrated an inability to prosecute this matter without

2

the assistance of counsel, and indeed, Plaintiff's Complaint lists a number of other lawsuits that

he has filed, further evincing an ability to proceed without the assistance of counsel.

## Conclusion

Based on the foregoing, Plaintiff's Application for the Court to Request Pro Bono

Counsel (Docket # 34) is denied without prejudice to renew, if subsequent submissions or

proceedings demonstrate that such appointment is warranted.

Dated: December 14, 2016
       White Plains, New York

**SO ORDERED,**

Lisa Margaret Smith
United Stated Magistrate Judge
Southern District of New York

A copy of this Order has been sent to the following:

Joseph James Belile
14-A-3897
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953